508 F.2d 684
 In re Grand Jury Proceedings.
UNIVERSAL MANUFACTURING COMPANY, Appellant,
v.
UNITED STATES of America, Appellee.
In re Grand Jury Proceedings.
Norman WILNER, Appellant,
v.
UNITED STATES of America, Appellee.
 Nos. 74-1844, 74-1853.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 12, 1974.
Decided Jan. 6, 1975, Rehearing and Rehearing En Banc Denied
Jan. 24, 1975.
 
 F. Russell Millin, Kansas City, Mo., for appellants.
 Michael DeFeo, Atty., Dept. of Justice, Kansas City, Mo., for appellee.
 Before MATTHES, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit judges.
 PER CURIAM.
 
 
 1
 These consolidated appeals are the result of a controversy regarding a subpoena duces tecum issued February 27, 1974, commanding the production of certain business records of Universal Manufacturing Company (Universal) by its officers before a federal grand jury in the Western District of Missouri.[1]
 
 
 2
 The subpoena in question was not directed to Universal; however Universal did make a motion to quash the subpoena on March 11, 1974. This motion was denied by the district court in an order dated August 16, 1974. Universal has appealed from this order.
 
 
 3
 In the meantime, Norman Wilner, President of Universal, to whom the subpoena was directed, also filed a motion to quash. This, too, was denied by the district court's order of August 16, 1974. Wilner chose not to comply with the subpoena as ordered by the court, appearing before the grand jury, but refusing to bring the business records. The government thereupon filed a motion for confinement under 28 U.S.C. 1826 on October 22, 1974. After conducting a hearing on this motion on November 1, 1974, the district court on November 4, 1974, sustained the motion and ordered Wilner confined for the term of the grand jury or until he appeared and produced the subpoenaed records. Wilner filed his appeal from this confinement order on November 5, 1974. That same day he was released on a personal recognizance bond pending appeal.
 
 
 4
 The appellants' principal stated reason for refusing to comply with the subpoena is the claim that it was not issued for a lawful purpose within the jurisdiction of the grand jury. Specifically the appellants contend that the subpoena duces tecum was issued by a special federal attorney working for the Kansas City Field Office of the Organized Crime and Racketeering Section of the Department of Justice for the purpose of general intelligence gathering rather than in the course of presenting a case to a grand jury investigating particular violations of the law within the Western District of Missouri.
 
 
 5
 There is no merit to this claim. It is well established that a presumption of regularity attaches to a grand jury's proceedings and hence to a grand jury subpoena. See, e.g., Beverly v. United States, 468 F.2d 732, 743 (5th Cir. 1972). Those challenging such a subpoena, therefore, have the burden of showing that such an irregularity exists. In re Grand Jury Proceedings (Schofield), 486 F.2d 85, 92 (3d Cir. 1973). Here, except for general allegations of misuse of the subpoena by strike force personnel, the appellants have made no such showing.
 
 
 6
 There is, however, more than the mere presumption of regularity to support the subpoena in this case. On October 31, 1974, the day before the confinement hearing, Kurt P. Schulke, Special Attorney, Department of Justice, filed an affidavit with the court which reads as follows:I, Kurt P. Schulke, am a Special Attorney with the United States Department of Justice, Organized Crime and Racketeering Section and I have been assigned to the Kansas City Field Office since June 1, 1972.
 
 
 7
 On February 27, 1974, I caused subpoenas duces tecum to be served on Joyce Wilner, then President of Universal Manufacturing Company, and Norman Wilner, the Vice President and Treasurer. The subpoenas duces tecum requested the production of certain corporate documents of Universal Manufacturing Company.
 
 
 8
 These subpoenas were issued to present to the grand jury evidence of possible violations of 18 U.S.C. 1952, 1953, 1955 and 15 U.S.C. 1173 by Universal Manufacturing Company and any companies or individuals with which they dealt. The only reason for the subpoenas duces tecum was to investigate the above federal violations and any other violations related thereto. The subpoenaed documents after review by myself and other personnel connected with this office were, and still are, to be presented to the grand jury either in toto or by summary.
 
 
 9
 When Mr. Wilner appeared before the grand jury on October 22, 1974, I explained to him the grand jury's inquiry and the possible federal violations under investigation mentioned above which also included 18 U.S.C. 1962 but not 15 U.S.C. 1173.
 
 
 10
 We believe that this affidavit shows that the subpoenaed materials are relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and that it is not being sought primarily for another purpose. Taken together with the presumption of regularity, this affidavit clearly establishes that there is no irregularity in the issuance of the subject subpoena.[2]
 
 
 11
 The appellants claim that the materials sought by the subpoena are so broad in scope as to be unreasonable and to constitute a 'general fishing expedition.' We disagree. The subpoena was limited to records reflecting interstate transactions for a specific eighteen month period and to any records or documents specifically relating to who had the legal or beneficial ownership of Universal during a four and one-half year period. Considering the role of the grand jury in conducting the investigation and its lack of knowledge as to just what records exist and what they will reveal, we believe that this subpoena was sufficiently limited in scope.
 
 
 12
 It is true that '(a) grand jury's subpoena duces tecum will be disallowed if it is 'far too sweeping in its terms to be regarded as reasonable' under the Fourth Amendment. Hale v. Henkel, 201 U.S. 43, 76, (26 S.Ct. 370, 380, 50 L.Ed. 652) (1906).' United States v. Calandra, 414 U.S. 338, 346, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974). However, this standard leaves a great deal of leeway in which a grand jury may operate. This Court has recognized that, as a practical matter, a grand jury
 
 
 13
 has a right, as against the objection of unreasonable search and seizure, to a fair margin of reach and material in seeking information, not merely direct but also as a matter of possible light on seemingly related aspects whose significance it is seeking to uncover. Some exploration or fishing necessarily is inherent and entitled to exist in all documentary productions sought by a grand jury.
 
 
 14
 Schwimmer v. United States, 232 F.2d 855, 862-863 (8th Cir,), cert. denied, 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52 (1956).
 
 
 15
 The subpoena duces tecum involved herein was clearly not so sweeping as to make it unreasonable in scope.
 
 
 16
 Finally, appellant Wilner contends that he did not receive a fair hearing on the motion for confinement and that he was not a recalcitrant witness under 28 U.S.C. 1826. We have examined these contentions and find them to be without merit. Wilner has not shown the district court nor this court any just reason why he sould not be compelled to comply with the grand jury subpoena. The Supreme Court has recently re-emphasized the power of a federal court to compel persons to appear and testify before a grand jury and the duty of every citizen to testify even when burdensome or embarrassing. United States v. Calandra, supra, 414 U.S. at 345, 94 S.Ct. 613. See also United States v. Dionisio, 410 U.S. 1, 9-10, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); Branzburg v. Hayes, 408 U.S. 665, 688, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). In light of this policy we find that Wilner has offered no valid reason why he should be exempted from complying with the subpoena.
 
 
 17
 For the foregoing reasons the orders of the district court appealed from are affirmed.
 
 
 
 [1]
 The subpoena duces tecum called for production of the following documents:
 The records of Universal Manufacturing Company reflecting all interstate transactions, dealings, sales and shipment of punchboards, pull tabs, and other gambling devices, and paraphernalia, for the period January 1, 1971, to July 31, 1972; and all stock certificates, stock books, minute books, sales agreements, or any type document or written instrument reflecting the legal or beneficial ownership of Universal Manufacturing Company during the period January 1, 1968 to July 31, 1972.
 
 
 [2]
 Appellants urged that we adopt the rule enunciated by the Third Circuit in In re Grand Jury Proceedings (Schofield), 486 F.2d 85, 93 (3d Cir. 1973), to the effect that when a subpoena duces tecum issued by a grand jury is challenged the government is required
 to make some preliminary showing by affidavit that each item is at least relevant to an investigation being conducted by the grand jury and properly within its jurisdiction, and is not sought primarily for another purpose.
 We decline to adopt this rule in this case and simply note that, as indicated in the text, the government here, in fact, did file an affidavit substantially meeting these tests.