UNITED STATES of America, Plaintiff,

v.

Raymond A. PHELPS and Dennis W.
Phelps, Defendants.

No. CR–81–6–D.

United States District Court,
W. D. Oklahoma.

Feb. 5, 1981.

Larry D. Patton, U. S. Atty., by John R. Osgood, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Martha R. Kulmacz and Robert T. Keel, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

On January 8, 1981, the grand jury returned an Indictment against the above named Defendants charging them with various crimes. Presently before the Court in this matter are Defendants' Motion for Return of Seized Property and Suppression of Evidence and Motion to Dismiss Indictment Due to Abuse of Process. Said Motions are supported by Briefs and the government has filed Briefs in opposition thereto. An evidentiary hearing was held on January 30, 1981, in connection with Defendants' Motion for Return of Seized Property and Suppression of Evidence at which Defendants appeared in person and with their attorneys, Robert Keel and Martha R. Kulmacz, and the government was represented by John R. Osgood, Assistant United States Attorney. The Court will consider the pending Motions seriatim.

## MOTION FOR RETURN OF SEIZED PROPERTY AND SUPPRESSION OF EVIDENCE

At the hearing on this Motion, Defendants indicated that they are seeking suppression of certain business records which were taken from Defendants' place of business by Phyllis Springer (Springer), a former employee of Defendants, and which were later turned over to agents of the Federal Bureau of Investigation (FBI) by Ms. Springer pursuant to a grand jury subpoena served on her on September 26, 1978. Defendants contend that these records were illegally obtained from them and should therefore be suppressed as evidence herein and returned to them.

At the evidentiary hearing herein, Special Agent Gerald Zeringue, who is one of the case agents in this case, testified that the FBI's investigation of this matter began in mid-1978. Sometime thereafter, a telephone call from a citizen to the local FBI office alerted the FBI to the fact that Ms. Springer had been an employee of the Defendants and may have some knowledge pertinent to the FBI's investigation of Defendants. Upon inquiring of Ms. Springer, Special Agent Zeringue learned that she had the records involved in the instant Motion. Subsequently, on September 26, 1978, Special Agent Zeringue served a grand jury subpoena on Ms. Springer that directed her to appear before the grand jury on October 3, 1978, and to bring with her the records in question. This subpoena further stated that compliance with the same could be had by making said records available for inspection and copying by an FBI agent prior to said date. Ms. Springer elected to comply with the subpoena in this manner and turned the records over to Special Agent Zeringue who in turn later turned the records over to the office of the United States Attorney for this district. Special Agent Zeringue further testified that prior to his initial contact with Ms. Springer, he had no knowledge that she had the records in question. Also, Special Agent Zeringue stated that neither he nor any other government agent directed Ms. Springer to obtain the records in question from the Defendants and that Ms. Springer obtained the same on her own initiative.

Ms. Springer also testified at the hearing on the instant Motion. She stated that she had been employed by the Defendants as a secretary and bookkeeper and that she possessed a key to Defendants' office. During her employment with Defendants, one of the Defendants told her to "take a few days off." It was during this time when she was not at Defendants' office that Ms. Springer received several phone calls from various people who were concerned that Defendants' business had closed. Ms. Springer then went to Defendants' business location in order to retrieve some personal items from her desk and let herself in with the key she had to the business whereupon she observed that the business had apparently been vacated and that all of the business

records had been removed except for one box of records. Ms. Springer testified that she removed this box of records "for safe keeping" and kept them in her possession until they were turned over to the FBI in compliance with the grand jury subpoena involved herein. Ms. Springer further testified that she advised the Defendants that she had these records but Defendants never came to get them from her and Ms. Springer never refused to return them to Defendants. Also, Ms. Springer stated that she took these records completely of her "own volition" and not at the direction of the FBI or any other government agent or agency.

It has clearly been established that a search and seizure of property by a private individual without any governmental involvement is not subject to the dictates of the exclusionary rule. *Burdeau v. McDowell*, 256 U.S. 465, 467, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); *United States v. Gibbons*, 607 F.2d 1320, 1324 (Tenth Cir. 1979); *United States v. Haes*, 551 F.2d 767, 770 (Eighth Cir. 1977). In the instant case, the evidence before the Court establishes that the "search" of Defendants' business was conducted solely by a private person who was not acting in collusion with or at the behest of government officials. Thus, the "seizure" of the box of records under consideration was accomplished by purely private action. Therefore, the search of Defendants' business and seizure of the box of records by Ms. Springer is not subject to Fourth Amendment strictures. *See United States v. Gibbons, supra; United States v. Haes, supra.* Furthermore, the Court determines that under the circumstances of this case, Defendants' Fifth Amendment rights have not been violated as the records in question were obtained by the government from a third party and not from the Defendants. *Matter of Grand Jury Empanelled*, 597 F.2d 851, 861–862 (Third Cir. 1979); *In re Grand Jury Subpoena*, No. Misc.-39 (W.D.Okla. June 30, 1980); *see Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976).

In view of the foregoing and after due consideration of all of the grounds for suppression presented by Defendants in support of the instant Motion, the Court finds and concludes that said Motion should be overruled. Accordingly, the records in question were legally obtained by the government and are admissible in evidence at the forthcoming trial herein.

## MOTION TO DISMISS INDICTMENT DUE TO ABUSE OF PROCESS

In this Motion, Defendants ask the Court to dismiss the Indictment herein on the grounds that the same was obtained as a result of abuse of process of the federal grand jury. Defendants contend in support of their Motion that the grand jury's power of process was abused in this case in that the grand jury subpoena for the production of the documents involved herein was issued at the request of Assistant United States Attorney Susie Pritchett subsequent to a request of Ms. Pritchett by Special Agent Zeringue and the documents were turned over to the FBI and used to build and formulate a case against the Defendants without presenting said documents to the grand jury that subpoenaed the same.

The government responds that the grand jury which indicted the Defendants was not the same grand jury which issued the original subpoena and that the records in question were never physically presented to the grand jury that indicted Defendants. However, the government maintains that the summary testimony presented to the grand jury by the government and through Special Agent Ronnie F. Ware, one of the case agents in this matter, is sufficient to sustain the Indictment in this case. A transcript of Special Agent Ware's testimony before the grand jury in this case is attached to the government's Brief in opposition to the instant Motion.

At the outset, the Court notes that a presumption of regularity attaches to a grand jury's proceedings and hence to a grand jury subpoena. *United States v. Woods*, 544 F.2d 242, 250 (Sixth Cir. 1976), *cert. denied*, 429 U.S. 1062, 97 S.Ct. 787, 50 L.Ed.2d 778 (1977), 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977), and 431 U.S.

954, 97 S.Ct. 2675, 53 L.Ed.2d 270 (1977); *Universal Manufacturing Co. v. United States*, 508 F.2d 684, 685 (Eighth Cir. 1975); *Beverly v. United States*, 468 F.2d 732, 743 (Fifth Cir. 1972). Furthermore, the burden is on the Defendants herein as parties challenging such a subpoena to show that an irregularity exists. *Id.* Defendants have made no such showing in this case.

A grand jury subpoena duces tecum which provides that it may be satisfied by delivery of the described documents to agents of the FBI is an acceptable grand jury procedure. *United States v. Duncan*, 598 F.2d 839, 867 (Fourth Cir. 1979), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). Furthermore, materials subpoenaed by a grand jury may be analyzed and summarized by government counsel with the assistance of investigative personnel of a government law enforcment agency for presentation to the grand jury. *United States v. Universal Manufacturing Co.*, 525 F.2d 808, 812 (Eighth Cir. 1975). In the instant case, the record before the Court indicates that the information contained in the subpoenaed documents was presented to the grand jury through extensive summary testimony and that the grand jury apparently could have obtained the actual documents from government counsel by requesting the same if it so desired. Under these circumstances, the Court is not persuaded that there has been an abuse of process in this case requiring dismissal of the Indictment against Defendants. Therefore, the Court finds and concludes that Defendants' Motion to Dismiss Indictment Due to Abuse of Process should be overruled.